J-A34017-14

2015 PA Super 37

| | | |
|---|---|---|
| JOSEPH MICHAEL ANGELICHIO, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF TINA MARIE PLOTTS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| BETSY JO MYERS,  JOANNE E. MYERS, AND MICHAEL J. D'ANIELLO, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF TYRONE DIEFENDERFER, DECEASED | : : : : : : | |
| APPEAL OF: MICHAEL J. D'ANIELLO, ESQUIRE, ADMINISTRATOR OF THE ESTATE OF TYRONE DIEFENDERFER, DECEASED | : : : : | No. 412 MDA 2014 |

Appeal from the Order Entered February 25, 2014,
In the Court of Common Pleas of Berks County,
Civil Division, at No. 05-15422.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STABILE, J.

OPINION BY SHOGAN, J.:                    **FILED FEBRUARY 18, 2015**

Appellant, Michael J. D'Aniello, Esquire, Administrator of the Estate of Tyrone Diefenderfer ("Diefenderfer"), appeals from the February 25, 2014 discovery sanction order entering default judgment against Appellant. Because the February 25, 2014 order is not appealable, we quash.

Appellees Betsy Jo Myers and Joanne E. Myers ("Myers Appellees"), owned the property at 132 Hunters Forge Road.  Betsy Jo Myers lived at the property, but often stayed at her boyfriend's house.  Tina Marie Plotts ("Plotts"), who had previously separated from her husband, Joseph Michael

Angelichio ("Angelichio"), had been staying at the property, but there was no written lease covering that arrangement. Plotts' bedroom was on the second floor of the property. Diefenderfer also used this property as a mailing address, and had been staying there "off and on" for two years. He did not have a bedroom, but when at the property would sleep on the couch on the first floor.

On February 27, 2004, there was a fire at the property. Plotts and Diefenderfer were the only individuals at the property at the time of the fire. Diefenderfer was able to escape the blaze, but Plotts died in the fire.

Angelichio, individually and as administrator of Plotts' Estate, filed a complaint against the Myers Appellees and Diefenderfer. Angelichio sought depositions of all defendants.

Diefenderfer consistently refused to appear for a deposition. The trial court summarized the numerous attempts and court orders directing Diefenderfer to appear for the deposition from June 2007 through January 2011. Trial Court Opinion, 6/30/14, at 2-5. Diefenderfer was not deposed prior to his death in January 2012.

After Diefenderfer's death, Angelichio filed a motion for sanctions pursuant to Pa.R.C.P. 4019, seeking an entry of judgment against Diefenderfer's estate as a result of Diefenderfer's failure to appear for a videotaped deposition. On October 9, 2013, the court entered judgment

against the estate as a sanction for Diefenderfer's failure to appear for the deposition.

Appellant filed a motion to open or strike the judgment, as well as an express determination of finality, pursuant to Pa.R.C.P. 341(c), and a motion for appellate certification pursuant to 42 Pa.C.S. §702(b). By order dated November 12, 2013, the trial court vacated the October 9, 2013 judgment and scheduled argument for November 19, 2013.

On November 25, 2013, the trial court denied Appellant's request for an express determination of finality of the October 9, 2013 order. On December 20, 2013, the trial court similarly denied Appellant's Motion to Open or Strike the October 9, 2013 judgment.

On January 30, 2014, the trial court reinstated the order of October 9, 2013, in its entirety. On January 30, 2014, Appellant filed an emergency motion seeking clarification and amendment of the January 30, 2014 order. On February 25, 2014, the trial court amended its January 30, 2014 order to clarify that it had vacated its prior Order of October 9, 2013 in response to Appellant's Motion to Open or Strike the Judgment, and that said motion was denied by virtue of the January 30, 2014 order.

Appellant filed a notice of appeal on March 3, 2014. On March 4, 2014, Appellant filed an emergency motion requesting that the trial court enter an order granting its request for an express determination of finality or

for appellate certification of the January 30, 2014 order. On March 7, 2014, Appellant's request for an express determination of finality was denied. Similarly, on April 4, 2014, Appellant's request for appellate certification was denied. On the same date, Appellant filed a *praecipe* for the entry of an adverse order with the trial court pursuant to Pa.R.A.P. 301(d) and Pa.R.A.P. 301(e). The *praecipe* was denied on April 4, 2014.

The trial court directed Appellant to submit a concise statement of errors. Appellant timely complied and the trial court issued a Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues for our review:

A. Did the trial court err and abuse its discretion in entering judgment against one defendant as a discovery sanction, where that sanction was unduly severe under all the circumstances, and where the judgment now also impacts the other compliant defendants because it establishes both negligence and causation?

B. Did the trial court's order violate the estate's constitutional due process rights under all of the circumstances of this case?

Appellant's Brief at 4.

Before addressing the merits of Appellant's claims, we must first determine whether this appeal is properly before us. "We address this issue first because the appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d 327, 331 (Pa. Super. 2004).

-4-

J-A34017-14

As a general rule, this Court has jurisdiction only over appeals taken from final orders. ***Commonwealth v. Scarborough***, 64 A.3d 602, 608 (Pa. 2013). Rule 341 of the Pennsylvania Rules of Appellate Procedure, defining final orders, provides, in relevant part, as follows:

**Rule 341. Final Orders; Generally**

**(a) General rule.** Except as prescribed in subdivisions (d) [related to appeals from the Superior Court and Commonwealth Court], and (e) [addressing criminal orders] of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

**(b) Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) is expressly defined as a final order by statute; or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

**(c) Determination of finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim **or when multiple parties are involved**, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties **only** upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. **In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.**

Pa.R.A.P 341 (emphasis added). Additionally, the note to Pa.R.A.P. 341 further provides as follows:

-5-

The following is a partial list of orders previously interpreted by the courts as appealable as final orders under Rule 341 that are no longer appealable as of right unless the trial court or administrative agency makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule 341(c):

* * *

(5) an order granting judgment against one defendant but leaving pending the complaint against other defendants;

Pa.R.A.P. 341, note.

In the case *sub judice*, the sanction order entering default judgment against Appellant did not dispose of all claims against all parties. The order entering judgment on the liability issue against Appellant leaves pending the complaint filed against the Myers Appellees. Additionally, the trial court declined to expressly enter a final order pursuant to Pa.R.A.P. 341(c). As such, we conclude that under Pa.R.A.P. 341 the sanction order is not a final, appealable order. Thus, at first blush, it would appear that we lack jurisdiction.

However, Pa.R.A.P. 311 carves out an exception to this general rule. Specifically, an appeal may be taken as of right from an order that refuses to open, vacate, or strike off a judgment. Pa.R.A.P. 311(a)(1). Rule 311(a)(1) provides:

**Rule 311. Interlocutory Appeals as of Right**

**(a) General rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1) *Affecting judgments*. An order refusing to open, vacate or strike off a judgment. If orders opening, vacating or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1).

Appellant argues that this is an interlocutory order appealable as of right under Rule 311(a)(1) because the February 25, 2013 order reflected that the trial court denied his motion to open/strike the judgment. Appellant's Reply Brief at 2. Appellant points out that the trial court issued its February 25, 2013 order specifically stating that the trial court had vacated the October 9, 2013 order in response to Appellant's motion to open/strike the judgment and that the trial court had denied Appellant's motion to open/strike the judgment. *Id.*

Of particular relevance to our analysis is the fact that judgment on the issue of liability in this case was entered by the trial court pursuant to Pa.R.C.P. 4019(c)(3) as a sanction for Diefenderfer's refusal to provide discovery, specifically his deposition, as directed by the trial court. We note that this Court was presented with a strikingly similar case in ***Miller Oral Surgery, Inc. v. Dinello***, 493 A.2d 741 (Pa. Super. 1985).

In ***Miller Oral Surgery, Inc.***, the trial court issued a sanction order, entering default judgment against the defendants on the issue of liability pursuant to Pa.R.C.P. 4019(c). ***Miller Oral Surgery, Inc.***, 493 A.2d at 742.

Following entry of default judgment, the defendants filed a petition to open judgment which the trial court denied. *Id.*

On appeal, the defendants argued that the order refusing to open judgment was final and appealable as of right pursuant to Pa.R.A.P. 311(a)(1). *Miller Oral Surgery, Inc.*, 493 A.2d at 743. We stated that Pa.R.A.P. 311(a)(1) did not make the interlocutory order appealable as of right because "[a] sanction order entering judgment pursuant to Pa.R.C.P. 4019(c)(3) is not subject to a petition to open." *Id.* at 743. We explained that:

> [t]here is no authority in the rules for such a petition, and orderly practice suggests that there should be none. In this respect a default judgment entered pursuant to Pa.R.C.P. 4019(c)(3) is comparable to a judgment entered after hearing. A party may request a court to reconsider a sanction order entering judgment, of course, but neither reconsideration nor refusal to reconsider will transform an interlocutory order into one that is final and appealable.

*Id.* Thus, we quashed the appeal. *Id.* at 744.

As was the case in *Miller Oral Surgery, Inc.*, the trial court's sanction order entering judgment on the issue of liability in this case was not properly the subject of a petition to open. Appellant's petition, therefore, must be treated as a petition to the trial court to reconsider its prior order. The trial court's refusal to reconsider its prior order, however, is not appealable. *Miller Oral Surgery, Inc.*, 493 A.2d at 744. As such, the

court's order denying Appellant's petition to open/strike judgment was not a final and appealable order. ***Id.***

Additionally, shifting our review to an appeal from the sanction order itself, we also conclude that the appeal should be quashed. The sanction order entering judgment determined liability only, and thus, was interlocutory in nature. ***Edney v. Southeastern Pennsylvania Transp. Authority***, 514 A.2d 194, 196 (Pa. Super. 1986). A default judgment of this nature is not appealable until judgment has also been entered on the issue of damages. ***Id.*** Thus, whether this appeal presents for our consideration either the denial of Appellant's petition to open or strike the judgment (deemed a motion for reconsideration), or the sanction order entering default judgment, we find that the instant appeal is improper and therefore must be quashed.

As this Court has previously explained:

> By quashing the present appeal we leave unreviewed the order of the trial court entering a default judgment on the issue of liability. *See*: Pa.R.App.P. 311(d)(1)(i). If the action proceeds to final judgment for monetary damages, an appeal from the final judgment will bring up for review the entire proceedings, including the sanction order entering judgment in favor of [Appellant] on the issue of liability. By quashing the present appeal and refusing to review the propriety of the trial court's sanction order at this time, we limit to one the number of appeals which can be spawned by the same action.

***Miller Oral Surgery, Inc.***, 493 A.2d at 744.

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015