J-A20011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE R. BOUSAMRA, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EXCELA HEALTH, A CORPORATION; WESTMORELAND REGIONAL HOSPITAL, DOING BUSINESS AS EXCELA WESTMORELAND HOSPITAL, A CORPORATION; ROBERT ROGALSKI; JEROME E. GRANATO, M.D., LATROBE CARDIOLOGY ASSOCIATES, INC., A CORPORATION; ROBERT N. STAFFEN, M.D.; MERCER HEALTH & BENEFITS, LLC; AND AMERICAN MEDICAL FOUNDATION FOR PEER REVIEW AND EDUCATION, INC., A CORPORATION | |
| Appellee | No. 1188 WDA 2015 |

Appeal from the Order June 30, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD12-3929

| | |
|---|---|
| GEORGE R. BOUSAMRA, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EXCELA HEALTH, A CORPORATION; WESTMORELAND REGIONAL HOSPITAL, DOING BUSINESS AS EXCELA WESTMORELAND HOSPITAL, A CORPORATION; ROBERT ROGALSKI; JEROME E. GRANATO, M.D., LATROBE CARDIOLOGY ASSOCIATES, INC., A CORPORATION; ROBERT N. STAFFEN, M.D.; MERCER HEALTH & BENEFITS, | |

LLC; AND AMERICAN MEDICAL
FOUNDATION FOR PEER REVIEW AND
EDUCATION, INC., A CORPORATION

|                                                              |                                              |
| ------------------------------------------------------------ | -------------------------------------------- |
| Appellee                                                     | No. 1189 WDA 2015                            |

Appeal from the Order July 21, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD12-3929

| EHAB MORCOS, M.D.                                            | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| ----------------------------------------------------------- | ------------------------------------- |
| Appellant                                                   |                                       |
| v.                                                          |                                       |
| EXCELA HEALTH, A CORPORATION; WESTMORELAND REGIONAL HOSPITAL, DOING BUSINESS AS EXCELA WESTMORELAND HOSPITAL, A CORPORATION; ROBERT ROGALSKI; JEROME E. GRANATO, M.D., LATROBE CARDIOLOGY ASSOCIATES, INC., A CORPORATION; ROBERT N. STAFFEN, M.D.; MERCER HEALTH & BENEFITS, LLC; AND AMERICAN MEDICAL FOUNDATION FOR PEER REVIEW AND EDUCATION, INC., A CORPORATION |                                       |
| Appellee                                                    | No. 1190 WDA 2015                     |

Appeal from the Order Dated July 21, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. No. 12-003941

| EHAB MORCOS, M.D.                                            | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| ----------------------------------------------------------- | ------------------------------------- |
| Appellant                                                   |                                       |
| v.                                                          |                                       |

- 2 -

EXCELA HEALTH, A CORPORATION;
WESTMORELAND REGIONAL HOSPITAL,
DOING BUSINESS AS EXCELA
WESTMORELAND HOSPITAL, A
CORPORATION; ROBERT ROGALSKI;
JEROME E. GRANATO, M.D., LATROBE
CARDIOLOGY ASSOCIATES, INC., A
CORPORATION; ROBERT N. STAFFEN,
M.D.; MERCER HEALTH & BENEFITS,
LLC; AND AMERICAN MEDICAL
FOUNDATION FOR PEER REVIEW AND
EDUCATION, INC., A CORPORATION

                    Appellee                     No. 1191 WDA 2015

Appeal from the Order June 30, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): G.D. No. 12-003941

BEFORE:  BOWES, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 19, 2016**

George R. Bousamra, MD, and Ehab Morcos, MD, filed appeals from a June 30, 2015 order denying a discovery request and a July 21, 2015 order denying their motion for reconsideration of the June 30, 2015 order.  We quash these appeals.

On March 1, 2012, Dr. Bousamra and Dr. Morcos instituted separate actions against Excela Health, a corporation ("Excela"); Westmoreland Regional Hospital, doing business as Excela Westmoreland Hospital, a corporation ("Westmoreland Hospital"); Robert Rogalski; Jerome E. Granato, M.D.; Latrobe Cardiology Associates, Inc., a corporation; Robert N. Staffen, M.D.; Mercer Health & Benefits, LLC ("Mercer"); and American Medical

Foundation For Peer Review And Education, Inc., a corporation ("American"). The two actions were consolidated for purposes of discovery.

Excela operates Westmoreland Hospital, which is an acute care hospital in Greensburg, Pennsylvania. In 2010, Mr. Rogalski became Excela's chief executive officer. Appellants were members of Westmoreland County Cardiology, and, due to that status, had staff privileges as interventional cardiologists at Excela. Interventional cardiology is a subspecialty of cardiology wherein practitioners utilize intravascular catheter-based techniques to treat, *inter alia*, coronary artery disease. These specialists employ catheterization and angiography to measure the amount of blood flow through a patient's coronary arteries in order to ascertain if there is blockage, also known as narrowing, restricting the blood movement through a patient's coronary arteries. If the blockage is severe enough, interventional cardiologists implant a stent, which increases blood current through in the affected artery.

Appellants practiced interventional cardiology at Excela's Westmoreland Hospital. These lawsuits arose after Excela accused Appellants of conducting certain stent implantations that were unnecessary in that the blockage in the patients at issue was so minimal that stents were not medically appropriate.

According to Appellees, the following occurred in this respect. After he became CEO, Mr. Rogalski heard from other physicians that interventional

cardiologists were implanting medically-unnecessary stents at Excela. To ascertain the veracity of these complaints, in June 2010, Mr. Rogalski hired Mercer, an independent medical peer review organization, to evaluate the quality, efficiency, and medical necessity of stent utilization by physicians in interventional cardiology. Mercer was also asked to conduct peer review in other medical specialties not here pertinent.

Mercer generated a random sample of cases to review, and it contracted with specialists in the area from across the country to evaluate the cases. Those specialists submitted their findings to Mercer, which compiled them into reports and gave the reports to Excela. In December 2010, Mercer issued preliminary reports to Excela that were critical of the care provided to some patients. Specifically, Mercer indicated that Appellants had performed unnecessary stent implantations at Excela's facilities.

On January 12, 2011, after they became aware that Excela planned to suspend their staff privileges, Appellants resigned. They voluntarily relinquished their privileges to avoid a suspension, which would have impaired their ability to obtain privileges at other facilities. Mercer issued its final report to Excela on February 3, 2011. On February 9, 2011, Excela hired American, another independent peer review corporation, to conduct a review of all of Appellants' cases for purposes of determining if any of the procedures that Appellants performed at Excela were not medically

necessary. In February 2011, American performed a review of the 753 cases of stent placements performed by Appellants in 2010. American engaged expert cardiologists to examine the files of Appellants' patients to determine the propriety of the interventional cardiology procedures performed.

On February 23, 2011, American issued a report to Excela that indicated that Appellants' practice was to overestimate arterial blockage and to inappropriately treat mild narrowing with stents. On March 2, 2011, Excela publicly announced that its experts had concluded that Appellants performed 141 unnecessary stent procedures in 2010. Excela notified the affected patients and offered follow-up care.

Appellants filed the present lawsuits raising various causes of action. Appellants' surviving claims include intentional interference with existing and potential contractual relationships and defamation. Appellants averred that the two peer review proceedings were pretextual and conducted in bad faith and in an improper manner. According to Appellants, Excela sought to prevent Appellants from competing with its interventional cardiologists in the pertinent market area.

The genesis of the present appeal lies in a discovery request disseminated by Appellants to Appellees. The record does not contain a copy of the pertinent discovery document, but Appellants did file a motion to compel against Appellees. Appellants asked the trial court to order

Appellees to give them various documents from the review processes conducted by Mercer and American and to force Appellees to reveal the names of the physicians who engaged in review of their files. Appellants' intent was to take depositions of the physicians who examined their cases. On June 30, 2015, the motion to compel was denied; the appeals at 1188 WDA 2015 and 1189 WDA 2015 were filed from that order. Appellants then moved for reconsideration of the June 30, 2015 order, and, on July 21, 2015, reconsideration was denied. Appellants then filed the appeals at 1190 WDA 2015 and 1191 WDA 2015 from the latter order. The following issues are presented on appeal:

> A. Whether the peer privilege does not preclude the discovery and use at trial of documents and information – claimed to be privileged by Appellees – because the reviews were never intended to be nor conducted as bona fide peer review, were done with ill-motivation and in bad faith, and any privilege which may have existed was waived by the wide dissemination in the media by the Excela Appellees of the results?
>
> B. Whether the information sought from Mercer and AMF regarding their methodologies and manner of conducting the reviews fall within the scope of Pa.R.C.P. 4003.1 and the explanatory comments preceding 4009.1, even if not known by or possessed by Excela.

Appellants' briefs at 12.

Thus, on appeal, Appellants challenge the trial court's refusal to supply them with requested discovery materials. Initially, we must address whether we have jurisdiction over these appeals. In their brief and at oral

argument, Appellees vigorously maintained that these appeals must be quashed as taken from interlocutory orders. Appellants counter that the orders denying discovery are collateral orders appealable under Pa.R.A.P. 313. Appellants claim that the orders can be reviewed now since the trial court disallowed their discovery request on the basis that the materials sought were protected by the peer review privilege.[1] They assert that discovery orders involving application of a privilege are appealable as

---

[1] The peer review privilege is outlined as follows:

> The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any members thereof: Provided, however, that information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testifies before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such a committee or opinions formed by him as a result of said committee hearings.

63 P.S. § 425.4.

collateral orders under Pa.R.A.P. 313.[2]  Appellants also suggested that the orders are too important to be denied review by this Court since they potentially impact the evidence that will be available for use at trial.

We agree with Appellees that we lack jurisdiction over these appeals. As a general rule, this Court has jurisdiction only over appeals taken from final orders. ***Angelichio v. Myers***, 110 A.3d 1046, 1048 (Pa.Super. 2015); 42 Pa.C.S. § 742 (emphasis added) ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from **final orders of the courts of common pleas**, regardless of the nature of the controversy or the amount involved," except cases within the jurisdiction of the Commonwealth Court).  A final order is one that "(1) disposes of all claims and of all parties; (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to Pennsylvania Rule of Appellate Procedure 341(c)." ***McGrogan v. First Commonwealth Bank***, 74 A.3d 1063, 1075 (Pa.Super. 2013); Pa.R.A.P. 341.  In addition, the Rules of Appellate Procedure allow us to exercise jurisdiction over specifically-delineated interlocutory orders, including "an interlocutory order as of right

---

[2]  We note that it is unclear whether or not discovery was denied on the basis of Excela's invocation of the peer review privilege or on the ground that the discovery request was overbroad.  However, our decision herein is not impacted by the reason that discovery was disallowed.  Since the motion to compel was denied, Pa.R.A.P. 313 is inapplicable for the reasons discussed in the text.

(Pa.R.A.P. 311); . . . an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or . . . a collateral order (Pa.R.A.P. 313)." ***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1068 (Pa.Super. 2014) (citation omitted).

An order denying discovery is not a final order as it does not dispose of any parties or any causes of action. Additionally, discovery orders are not appealable as of right. Hence, the general rule is that "discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation." ***Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.***, 143 A.3d 930, 936 (Pa.Super. 2016).

When a discovery order *requires* the production of materials in which the appealing party has asserted a privilege, Pa.R.A.P. 313 applies, and we will accept jurisdiction. ***See e.g.***, ***Yocabet v. UPMC Presbyterian***, 119 A.3d 1012 1016 n. 1 (Pa.Super. 2015) (holding that discovery order was appealable since the appealing party asserted that order required it to reveal documents purportedly protected under the peer-review and attorney-client privileges and ruling that if "a party is ordered to produce materials purportedly subject to a privilege, we have jurisdiction under Pa.R.A.P. 313[.]"). Pa.R.A.P. 313 states:

> (a)  General Rule. An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

> (b)    Definition.  A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. All three aspects of Pa.R.A.P. 313(b) must be satisfied before an order is appealable thereunder.

As noted, we accept jurisdiction over a discovery order under Rule 313 when a party has been compelled to reveal materials in which any type of privilege, including the peer review privilege purportedly at issue in this appeal, has been asserted. This result flows from the fact that: 1) the issue of privilege is separable from the main cause of action; 2) a privilege is an important right that must be protected; and 3) if a party has been ordered to produce privileged matters, the privilege will become irreparably lost if review is postpone under final judgment because, by then, the purportedly privileged materials have been revealed to the opposing party in the lawsuit. Appellants have failed to satisfy the third component of this test.

On the other hand, when a trial court **declines** to award discovery of materials, the order in question is not appealable under Pa.R.A.P. 313, regardless of whether the denial of discovery resulted from the trial court's conclusion that an asserted privilege did apply to the materials demanded in the discovery request. We recently addressed this exact issue in ***Meyer-Chatfield Corp., supra***, wherein Bank Financial Services Group ("BFS")

appealed an order granting Meyer-Chatfield Corporation's motion to quash subpoenas to take depositions that BFS had obtained against non-parties. Meyer-Chatfield Corporation had been noticed to attend the depositions, and BFS appealed the order granting Meyer-Hatfield Corporation's motion to quash the subpoenas. BFS asserted, as do Appellants herein, that the order quashing the subpoenas was appealable under the collateral order doctrine. We rejected that position.

The **Meyer-Hatfield** Court acknowledged that "discovery orders requiring disclosure of privileged materials generally are appealable under Rule 313," but then observed that the order on appeal did not "require disclosure of allegedly privileged information. Instead, it prevents disclosure of sought-after information, **privileged or otherwise**, by quashing subpoenas issued to non-parties and the notice to attend issued to Meyer–Chatfield's corporate designee. Thus, this order is not appealable under Rule 313." **Id**. (emphasis added).

The orders at issue in these appeals prevented Appellants from accessing discovery materials, allegedly based upon Appellees' assertion of the peer review privilege. They are not final under the **Meyer-Hatfield** decision, regardless of whether they pertained to the trial court's acceptance of Appellees' assertion of the peer review privilege. Simply put, Appellants can always challenge the orders after this matter proceeds to its final conclusion.

Our ruling in this respect is not altered by the fact that the effect of the order may be to prevent Appellants from introducing the requested materials at trial. Evidentiary rulings, like orders pertaining to discovery, are interlocutory in nature and fully reviewable once a lawsuit is finally resolved.

The propriety of the orders herein, regardless of the amount of prejudice flowing to Appellants with respect to their ability to prove their cases, can be reviewed after these cases are finally decided. Appellants will not lose their ability to have the orders reviewed if we decline jurisdiction at this juncture. If the materials were discoverable, Appellants may be entitled to a new trial. All litigants in Pennsylvania must await a final decision in their lawsuits before they can obtain review of the interlocutory orders pertaining to discovery denials and evidentiary rulings. Appellants' situation is no different.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016

- 13 -