J-A14020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CASH WRIGHT AND JASMINE WRIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| STATE FARM INSURANCE COMPANY, EDWARD B. RUST AND DELORIS BRYANT | |
| | No. 2338 EDA 2016 |

Appeal from the Order Entered July 8, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2015 No. 2317

| | |
|---|---|
| CASH WRIGHT AND JASMINE WRIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| STATE FARM INSURANCE COMPANY, EDWARD B. RUST AND DELORIS BRYANT | |
| | No. 2829 EDA 2016 |

Appeal from the Order Entered August 1, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2015 No. 2317

BEFORE:  BENDER, P.J.E., BOWES AND SHOGAN, JJ.

JUDGMENT ORDER BY BOWES, J.:                **FILED MAY 23, 2017**

*Pro se* litigants Cash and Jasmine Wright appeal from two interlocutory

orders entered in this action.  We quash.

On June 17, 2015, Appellants instituted this action by filing a complaint against State Farm Mutual Automobile Insurance Company ("State Farm"), which they incorrectly designed as State Farm Insurance Company, and Deloris Bryant. The lawsuit was based upon a car accident that occurred on July 14, 2013. State Farm filed preliminary objections to the complaint, Appellants responded by filing a first amended complaint, and the preliminary objections were marked as moot. State Farm filed preliminary objections to the first amended complaint, Appellants filed a second amended complaint, and the preliminary objections were marked as moot. This cycle continued until Appellants filed a tenth amended complaint, to which the defendants filed an answer. After Appellees answered the tenth amended complaint, Appellants, without consent or leave of court, filed an eleventh amended complaint.

Ms. Bryant filed a motion to strike the eleventh amended complaint, which was granted on July 8, 2015. State Farm also filed a motion to strike the eleventh amended complaint, which the trial court granted on August 1, 2016. These appeals followed. Appellees maintain these appeals must be quashed as interlocutory. We concur with this assessment.

As a general rule, this Court has jurisdiction only over appeals taken from final orders. **Angelichio v. Myers**, 110 A.3d 1046 (Pa.Super. 2015); 42 Pa.C.S. § 742 (emphasis added) ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from **final orders of the**

- 2 -

**courts of common pleas**, regardless of the nature of the controversy or the amount involved," except in cases within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court). A final order is one that "(1) disposes of all claims and of all parties; (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to Pennsylvania Rule of Appellate Procedure 341(c)." ***McGrogan v. First Commonwealth Bank***, 74 A.3d 1063, 1075 (Pa.Super. 2013); Pa.R.A.P. 341.

In addition, the rules of appellate procedure allow this Court to exercise jurisdiction over specifically-delineated interlocutory orders, including "an interlocutory order as of right (Pa.R.A.P. 311 [or Pa.R.A.P. 342 in estate cases]); . . . an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or . . . a collateral order (Pa.R.A.P. 313)." ***Bailey v. RAS Auto Body, Inc.***, 85 A.3d 1064, 1068 (Pa.Super. 2014) (citation omitted).

The present appeals are from interlocutory orders. This action remains pending, and Appellant's tenth amended complaint was answered. The orders did not dispose of all claims and all parties, are not defined as final by statute, and were not certified as final under Pa.R.A.P. 341(c). Additionally, the orders do not fall within the penumbra of any rule permitting appeals from interlocutory orders.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017