J-A06007-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| JOSEPH T. JOSEPH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| EARL BAKER BUILDING, INC., A CORPORATION, AND KURTANICH ENGINEERS & ASSOCIATES, INC., A CORPORATION, | |
| Appellee | No. 1023 WDA 2017 |

Appeal from the Judgment Entered June 12, 2017
In the Court of Common Pleas of Mercer County
Civil Division at No(s): GD-2009-02400

BEFORE:   BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                              FILED APRIL 19, 2018

Appellant, Joseph T. Joseph, contests the entry of summary judgment in favor of Appellee, Kurtanich Engineers & Associates, Inc., a corporation (referred to herein as "Kurtanich"), made final by the entry of judgment in the amount of $361,007.00 against Appellee, Earl Baker Building, Inc., a corporation (referred to herein as "Baker").  We affirm.

The trial court summarized the factual background and preliminary procedural history of this case, as follows:

> [Appellant] is an adult resident of Mercer County and was at all times relevant hereto the owner of the South Shore Commons Building located at 2787 Lake Road, Borough of Clark, Mercer County, PA ([Appellant's] building).   [Baker] is a registered

_____

[*] Retired Senior Judge assigned to the Superior Court.

business corporation organized and existing under the laws of the State of Ohio and regularly conducts business as a construction company within Mercer County, PA. [] Baker contracted with [Appellant] to provide construction services for [Appellant's] building. [Kurtanich] is a registered business corporation organized and existing under the laws of Pennsylvania and regularly conducts business as a provider of engineering services related to building and construction within Mercer County, PA. [] Kurtanich contracted with [Appellant] for the performance of engineering services and preparation of plans, blueprints and/or drawings for [Appellant's] building.

On December 29, 2003, ... Kurtanich offered engineering services to [Appellant] by way of a Proposal for Engineering Services. The following items were included in the Engineering Proposal: topographic survey of property, preparation of plans for approval and obtaining Pennsylvania Department of Labor & Industry permit, meetings with [Appellant] and the contractor to discuss the project requirements and three sets of plans for the project. On January 7, 2004, [Appellant] accepted the Engineering Proposal by signing said proposal. [Appellant] provided consideration in the amount of $14,900.00 in order to receive ... Kurtanich's engineering services pursuant to the Engineering Proposal. The plans, blueprints and/or drawings were submitted for approval to the Pennsylvania Department of Labor & Industry and/or Richardson Inspection Services, LLC[,] on January 2, 2007, May 17, 2007, March 24, 2008[,] and March 2, 2009. However, the plans, blueprints and/or drawings were never approved.

On July 22, 2004, ... Baker offered construction services to [Appellant] by way of a proposal. The Construction Proposal incorporated the plans for the erection of [Appellant's] building that were prepared by ... Kurtanich. The Construction Proposal provided that payment was to be made as follows: "[$]20,000 down payment to start with progress billing to follow." On July 22, 2004, [Appellant] accepted the Construction Proposal by signing said proposal.

In the summer of 2004, ... Baker initiated construction of [Appellant's] building utilizing ... Kurtanich's plans, blueprints and/or drawings. During construction of [Appellant's] building, [Appellant] provided consideration in the amount of $549,985.00 to ... Baker in the form of payments as agreed to in the Construction Proposal. During construction, ... Baker started demanding additional payments in excess of the agreed upon

consideration, and [Appellant] made payments in excess of the amount specified in the Construction Proposal. Before construction was complete, ... Baker unilaterally terminated construction on [Appellant's] building and vacated the construction site. At the time ... Baker ceased work and vacated the construction site, there was an extensive amount of work to be completed on the building.

[Appellant] commenced this action by filing a Praecipe for Writ of Summons on June 26, 2009. [Appellant] later filed a Complaint against ... Kurtanich and Baker on December 30, 2010.[1] [] Kurtanich filed Preliminary Objections to the Complaint on January 10, 2011, which this [c]ourt sustained on March 7, 2011. The only remaining claim against ... Kurtanich is a claim for professional negligence. [] Kurtanich then filed an Answer, New Matter and Crossclaim on April 27, 2011. [Appellant] filed his Reply to ... Kurtanich's New Matter on June 10, 2011. [] Kurtanich filed the instant Motion for Summary Judgment on August 21, 2015, and [Appellant] filed his response on September 21, 2015. [] Baker has failed to make any response to the litigation.

Trial Court Opinion ("TCO"), 1/19/2016, at 2-4.

The trial court granted summary judgment in favor of Kurtanich on January 19, 2016, on the basis that Appellant's expert — Robert Grine — was "not qualified to render an expert opinion as to whether ... Kurtanich fell below the professional standard of care for an engineer." Id. at 9. Thereafter, on September 7, 2016, Appellant obtained a default judgment against Baker on his breach of contract and unjust enrichment claims. Subsequently, on June 12, 2017, after a hearing on the liquidation of damages pursuant to the default

---

[1] Therein, Appellant raised professional negligence and Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 et seq., claims against Kurtanich, and breach of contract and unjust enrichment claims against Baker.

- 3 -

judgment, the trial court awarded damages against Baker and in favor of Appellant in the amount of $361,007.00.

On July 12, 2017, Appellant filed a notice of appeal from the judgment entered in this matter on June 12, 2017. On July 31, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he complied.

Presently, Appellant raises a single issue for our review:

Did the [t]rial [c]ourt err in disqualifying Appellant's expert witness at the summary judgment stage?

Appellant's Brief at 3.

Before addressing Appellant's issue, we must first determine whether Appellant timely filed his appeal challenging the trial court's entry of summary judgment in favor of Kurtanich. Appellant states that the January 19, 2016 order granting summary judgment in favor of Kurtanich became final and appealable upon entry of the trial court's June 12, 2017 order awarding damages against Baker. See Appellant's Brief at 1. We agree.

Pennsylvania Rule of Appellate Procedure 341 sets forth, in relevant part, the following:

(a) General Rule.--Except as prescribed in paragraphs (d) [regarding Superior Court and Commonwealth Court orders] and (e) [regarding criminal orders] of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

(b) Definition of Final Order.--A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) RESCINDED

- 4 -

(3) is entered as a final order pursuant to paragraph (c) of this rule.

(c) Determination of finality.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(a)-(c) (emphasis added).

Here, the January 19, 2016 order granting summary judgment in favor of Kurtanich did not dispose of all claims and all parties; accordingly, it was not a final order. Furthermore, on September 7, 2016, a default judgment was entered against Baker, but the issue of damages remained unresolved. Cf. Angelichio v. Myers, 110 A.3d 1046, 1050 (Pa. Super. 2015) ("The sanction order entering judgment determined liability only, and thus, was interlocutory in nature. A default judgment of this nature is not appealable until judgment has also been entered on the issue of damages.") (citations omitted). Thus, it also was not a final order.[2] The trial court's June 12, 2017 order awarding damages to Appellant was a final order, as it disposed of all claims and all parties. Appellant filed his notice of appeal from the June 12,

_____

[2] We note that neither party contends that, at the time the trial court granted summary judgment in favor of Kurtanich, it had made an "express determination that an immediate appeal would facilitate resolution of the entire case." See Pa.R.A.P. 341(c). Further, in its brief, Kurtanich does not argue that the September 7, 2016 default judgment was a final appealable order.

2017 order on July 12, 2017. Therefore, Appellant timely filed his notice of appeal, and his appeal permits review of the entire proceedings, including the earlier entry of summary judgment in favor of Kurtanich. See Rohm and Haas Co. v. Lin, 992 A.2d 132, 149 (Pa. Super. 2010) ("[A] notice of appeal filed from the entry of the final order in an action draws into question the propriety of any prior non-final orders. Once an appeal is filed from a final order, all prior interlocutory orders become reviewable.") (citations, original brackets, and internal quotation marks omitted).

We now turn to the merits of Appellant's issue. Appellant argues that the trial court erred in disqualifying his expert witness, Robert Grine, at the summary judgment stage. See Appellant's Brief at 3. Appellant claims that the trial court failed to consider record evidence demonstrating Mr. Grine's qualifications. See id. at 11. Specifically, Appellant asserts that:

> In his Response to Motion for Summary Judgment, [Appellant] denied Kurtanich's allegation that Mr. Grine was not qualified to render an opinion on an engineer's standard of care and placed his own allegations on the record as to Mr. Grine's experience and qualifications: Mr. Grine is a retired engineer and has worked on numerous large-scale construction projects including multi-unit apartment buildings and has overseen numerous projects from the preliminary drafting stage to completion. He has worked as a licensed land surveyor, architect, plan draftsman, project engineer, and project manager on large construction projects including the WPXI Building in Pittsburgh, the Nevillewood School District K-12 building, and Sto Rox High School. Mr. Grine also co-chaired the Ethics and Practice Committee for the Pennsylvania Society of Professional Engineers (Pittsburgh Chapter) for nearly ten years and served as a professor in architectural drafting and mathematics.

Id. at 11-12 (internal citations omitted).

- 6 -

Initially, we set forth our standard of review:

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. See Pa.R.C.P. … 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Finder v. Crawford, 167 A.3d 40, 44 (Pa. Super. 2017) (citation omitted).

Moreover,

[d]etermining whether a witness may testify as an expert is a matter within the sound discretion of the trial court, whose decision will only be reversed for a clear abuse of discretion. In order to qualify as an expert in a given field, a witness must possess more expertise than is within the ordinary range of training, knowledge, intelligence, or experience. The test to be applied when qualifying a witness to testify as an expert witness is whether the witness has any reasonable pretension to specialized knowledge on the subject under investigation. If a witness possesses neither experience nor education in the subject matter under investigation, the witness should be found not to qualify as an expert.

Yacoub v. Lehigh Valley Medical Associates, P.C., 805 A.2d 579, 591 (Pa. Super. 2002) (internal citations and quotation marks omitted; emphasis in original).

In deciding that Mr. Grine did not qualify as an expert, the trial court explained:

>   After reviewing the record and the case law in a light most favorable to the nonmoving party, this [c]ourt finds that Mr. Grine is not qualified to render an expert opinion as to whether ... Kurtanich fell below the professional standard of care for an engineer. Although Mr. Grine states in his expert report that he was personally involved in the final aspects of the project, that he worked with [Appellant] to obtain the final occupancy permit and that he had first-hand knowledge of many of the aspects of this case from reviewing documents while working with [Appellant], these statements alone are not enough to qualify him as an expert witness in this case. See Exhibit C of ... Kurtanich's Motion for Summary Judgment. While these statements may make him a witness to the events in the case at hand, none of these assertions establish that Mr. Grine has any knowledge, skill, experience, training or education on the subject of professional engineering to qualify him as an expert witness. Furthermore, Mr. Grine's expert report does not provide any information about Mr. Grine's credentials to establish his qualifications as an expert witness in the field of engineering, and this [c]ourt cannot consider any of the exhibits attached to [Appellant's] brief as they are not a part of the record. See Scopel [v. Donegal Mutual Insurance Company, 698 A.2d 602, 606 (Pa. Super. 1997)] (supplementation of the record cannot be achieved through mere attachment to a party's brief in opposition to a motion for summary judgment). Therefore, the record is devoid of any evidence that would qualify Mr. Grine as an expert witness concerning the standard of care for a professional engineer.

TCO at 9-10.

We concur with the trial court that the record lacks evidence that would qualify Mr. Grine as an expert witness regarding the standard of care for a professional engineer. Appellant acknowledges that the trial court "did not consider Mr. Grine's affidavit as it was not part of the record because it was filed only as an attachment to [Appellant's] brief[,]" but nevertheless insists that "there was other evidence in the record evincing Mr. Grine's qualifications and the [t]rial [c]ourt's [o]pinion failed to consider that evidence." Appellant's Brief at 11. Namely, he points to the denials and allegations he made in his

response to Kurtanich's motion for summary judgment. However, this Court has previously stated that "the denials in [a party's] response to the motion for summary do not qualify as evidence of record." Finder, 167 A.3d at 45 (footnote omitted). Indeed, Pennsylvania Rule of Civil Procedure 1035.1 states that the record, for summary judgment purposes, includes any "(1) pleadings,[3] (2) depositions, answers to interrogatories, admissions and affidavits, and (3) reports signed by an expert witness that would, if filed, comply with Rule 4003.5(a)(1),[4] whether or not the reports have been produced in response to interrogatories." Pa.R.C.P. 1035.1 (note omitted). Denials or allegations made in response to a motion for summary judgment are not included under the rule. Consequently, we conclude that the trial court did not abuse its discretion in ascertaining that the record did not include evidence qualifying Mr. Grine as an expert witness concerning the standard of care for a professional engineer. As a result, it properly granted Kurtanich's motion for summary judgment.[5]

---

[3] Pleadings, in turn, include: "(1) a complaint and an answer thereto, (2) a reply if the answer contains new matter, a counterclaim or a cross-claim, (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter, (4) a preliminary objection and a response thereto." See Pa.R.C.P. 1017(a) (notes omitted).

[4] Rule 4003.5 relates to the discovery of expert testimony. See Pa.R.C.P. 4003.5.

[5] Appellant also challenges "Kurtanich's argument that Mr. Grine was not qualified as an expert ... based solely on the fact that Mr. Grine did not hold the same professional license as Kurtanich, but rather had been licensed as a

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2018

_____

professional land surveyor."  Appellant's Brief at 9 (footnote and citation to record omitted).  We need not address this argument, as the trial court based its decision on the lack of record evidence establishing Mr. Grine's credentials in the field of engineering, and not merely because Mr. Grine did not have an engineering license.  Regardless of the license Mr. Grine holds, the record does not demonstrate that Mr. Grine has experience or education in engineering, as discussed above.  See Yacoub, 805 A.2d at 591 ("If a witness possesses neither experience nor education in the subject matter under investigation, the witness should be found not to qualify as an expert.").