J-S11018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMBER BANE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREA BANE AND JONATHAN | : | No. 1043 WDA 2021 |
| JULIAN | : | |

Appeal from the Order Entered August 20, 2021
In the Court of Common Pleas of Greene County Civil Division at No(s):
A.D. No. 120 of 2017

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED:  May 3, 2022**

Appellant, Amber Bane (hereinafter "Maternal Grandmother"), appeals from the order entered on August 20, 2021.  We quash this appeal.

On August 6, 2021, Jonathan Julian (hereinafter "Father") filed a petition for contempt against Maternal Grandmother.  Father claimed that, on July 9 and 28, 2021, the trial court entered orders relating to a visit between his minor child, J.B. (hereinafter "Child"),[1] and Maternal Grandmother.  The orders directed that Maternal Grandmother return Child to Father at noon on July 31, 2021.  *See* Father's Petition for Contempt, 8/6/21, at 2.

According to Father's petition, Maternal Grandmother violated the orders when she refused to return Child at the court-ordered time.  Father

_____

[1] Child was born in September 2016.

requested that the trial court hold Maternal Grandmother in contempt of court for violating the orders and order that she reimburse Father for the "unnecessary out of pocket costs" Father incurred as a result of the missed exchange. *Id.* at 3. The trial court scheduled a hearing on Father's contempt petition for August 18, 2021. Trial Court Order, 8/10/21, at 1.

There is no record that an evidentiary hearing occurred on August 18, 2021. Indeed, Maternal Grandmother declares that, in place of a hearing, "[t]he trial court had a discussion with [Maternal Grandmother]." Maternal Grandmother's Brief at 7. At the conclusion of the discussion, the trial court entered the following order:

> AND NOW, this 18th day of August, 2021, this matter comes before the [trial court] on petition for contempt. The contempt centers around the failure of [Maternal Grandmother] to return [Child] on the date of July 31, 2021 as directed by [the trial court]. . . . We find [Maternal Grandmother] in contempt for failing to abide by that order, and sanction as follows:
>
> 1. [Maternal Grandmother] will be responsible for all attorney's fees generated by [Father's] need for representation regarding both the motion for special relief presented on July 28, 2021, and the fees related to this petition for contempt and motion for special relief.
>
> 2. [Maternal Grandmother] will also be required to reimburse the travel costs for the parental grandmother's travel from the State of Georgia to the exchange location in North Carolina on July 31, 2021.
>
> 3. [Maternal Grandmother] shall also be responsible for any travel expenses incurred related to [Child's] return to Hawaii which was anticipated to occur after the July 31, 2021 exchange but did not due to [Maternal Grandmother] failing to return [Child].

4. All of these costs should be requested and documented to the [trial court] with copies provided to counsel within 15 days of today's date.

5. If counsel wishes the [trial court] to make a further review beyond the review the [trial court] has already indicated it will make, or they wish to present argument relating to the costs, upon request a hearing will be scheduled. . . .

Trial Court Order, 8/20/21, at 1-2.

Maternal Grandmother immediately filed a notice of appeal from the trial court's August 20, 2021 order. On November 12, 2021, we issued a rule upon Maternal Grandmother to show cause as to why this appeal should not be quashed, as it was taken from a non-appealable, interlocutory order. **See** Order, 11/12/21, at 1. Maternal Grandmother responded to the rule to show cause and claimed that we have jurisdiction over this appeal, as the August 20, 2021 order "constitute[s] a final order." Maternal Grandmother's Response to Rule to Show Cause, 11/19/21, at 3.

Since Maternal Grandmother responded to the rule to show cause order, we discharged the order. Order, 12/8/21, at 1. However, this Court's discharge order notified Maternal Grandmother that "this is not a final determination as to the propriety of the appeal" and that the jurisdictional issue "may be revisited by the panel assigned to decide the merits of [the] case." **Id.** We now quash this appeal.

Although no party raises the issue of jurisdiction, "we may nevertheless raise the issue [] *sua sponte*." **Commonwealth v. Blystone**, 119 A.3d 306, 311 (Pa. 2015) (footnote and citation omitted). "As a general rule, this Court

has jurisdiction only over appeals taken from final orders." ***Angelichio v. Myers***, 110 A.3d 1046, 1048 (Pa. Super. 2015) (citation omitted). "An order of contempt is final and appealable when the order contains a present finding of contempt and imposes sanctions." ***In re K.K.***, 957 A.2d 298, 303 (Pa. Super. 2008); ***Takosky v. Henning***, 906 A.2d 1255, 1258 (Pa. Super. 2006) ("[i]t is well settled that unless sanctions or imprisonment is imposed, an [o]rder declaring a party to be in contempt is held to be interlocutory and not appealable").

In this case, the trial court's August 20, 2021 order "contain[ed] a present finding of contempt." ***See*** Trial Court Order, 8/20/21, at 1. However, the August 20, 2021 order did not "impose[] sanctions" against Maternal Grandmother, as the amount in question was undetermined. To be sure, the subject order contemplated further proceedings where the trial court would evaluate, calculate, and impose monetary sanctions against Maternal Grandmother. ***See id.*** at ¶¶ 1-5. In following, since the August 20, 2021 order did not "impose[] sanctions" against Maternal Grandmother, the order is not final and appealable.[2] We must, therefore, quash this appeal.

---

[2] While interlocutory orders are appealable in certain circumstances, none of those circumstances apply to the case at bar. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by

Appeal quashed.

_____

permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

***Commonwealth v. Garcia***, 43 A.3d 470, 478 n.7 (2012) (quotation marks omitted).

Here, the challenged order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Maternal Grandmother did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312), the appeal is not from a distribution order (*per* Pa.R.A.P. 342), and Maternal Grandmother has not provided this Court with any argument as to whether – or how – the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2022