J-A06013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE TINSMAN GROUP, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRI-STATE GARDEN SUPPLY, INC. | : | |
| D/B/A GARDENSCAPE | : | |
| | : | |
| | : | No. 1087 MDA 2018 |
| Appellant | : | |

Appeal from the Order Dated June 6, 2018
In the Court of Common Pleas of Cumberland County
Civil Division at No(s):  2015-03146

BEFORE:   OTT, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 24, 2019**

Tri-State Garden Supply, Inc., d/b/a Gardenscape ("Tri-State Garden") appeals from the order entered on June 6, 2018, in the Cumberland County Court of Common Pleas, which denied its petition to open a default judgment entered against it and in favor of The Tinsman Group, Inc. ("Tinsman").  On appeal, Tri-State Garden argues the trial court erred in failing to determine that Tinsman's counsel committed a fraud upon it and the court by misrepresenting applicable case law at the default judgment hearing, which caused the court to award specific damages in the amount of $183,983.83, without having to prove such damages at a separate hearing.  ***See*** Tri-State Garden's Brief at 1.  Moreover, Tri-State Garden contends Tinsman's counsel acted fraudulently by failing to abide by Pennsylvania Rule of Professional Conduct 3.3, which required Tinsman's counsel to inform the court of material

_____
* Retired Senior Judge assigned to the Superior Court.

facts that would have required the court to deny entry of said damages because Tinsman had not plead specific damages in its complaint. *Id.* Based on the following, we quash the appeal.

The facts and procedural history as follows: On June 8, 2015, Tinsman filed a breach of contract complaint, alleging Tri-State Garden "was in the business of producing, transporting and distributing various garden products, that [Tinsman] had served [Tri-State Garden] as an independent sales representative, and that [Tri-State Garden] had failed to fully pay commissions due to [Tinsman] for procuring sales of [Tri-State Garden's] products." Trial Court Opinion, 8/14/2018, at 2.

Subsequently, on April 18, 2017, Tinsman filed a motion to compel discovery responses and for sanctions. One day later, the court entered an order, requiring Tri-State Garden to file answer to interrogatories and requests for production of documents within 20 days of said order. The court stated: "Failure to comply with the time period set forth in this Order may result in the imposition of sanctions including the preclusion of evidence and the imposition of attorney fees." Order of Court, 4/19/2017. On May 15, 2017, Tinsman filed a motion for sanctions with entry of default judgment against Tri-State Garden pursuant to Pa.R.C.P. 4019, alleging Tri-State Garden had not responded to the order within the required time period. *See* Motion for Sanctions with Entry of Default Judgment against Defendant Pursuant to Pa.R.C.P. 4019, 5/15/2017, at ¶ 11. On May 22, 2017, the court entered an

order, scheduling a hearing on August 2, 2017, to address Tinsman's motion for sanctions and to determine what "sanctions shall be imposed." Order of Court, 5/22/2017.

On August 1, 2017, Tri-State Garden filed a motion for continuance, stating: (1) it had "not been able to locate all of the materials in their office to properly respond to said Interrogatories" because it had been involved in a large commercial litigation matter in another county that had required all of its attention; and (2) its counsel had planned a family vacation which fell during the time of the hearing. Motion for Continuance, 8/1/2017, at ¶¶ 4-5, 7.[1] The following day, the trial court denied Tri-State Garden's motion for a

_____

[1] With respect to the date of the motion for continuance, the court noted the following: "As indicated in an earlier opinion in this case, 'the Motion for Continuance was received at the Prothonotary's office on the morning of July 31, 2017, but was not entered on the record until approximately 4:00 P.M. on August 01, 2017, due to a procedural defect in [Tri-State Garden]'s Motion.'" Trial Court Opinion, 8/14/2018, at 3 n.9, *quoting* Opinion and Order of Court, at 6 n.2, dated September 28, 2017 (Ebert, J.).

Moreover, in Tinsman's response in opposition to Tri-State Garden's motion for continuance, it alleged, in relevant part:

11. Undersigned counsel received no responses to the discovery requests, or any information from [Tri-State Garden]'s counsel, until July 27, 2017, when [Tri-State Garden] served upon undersigned counsel a courtesy copy of a Motion to Continue the August 2, 2017 hearing. A copy of [counsel for Tri-State Garden's] July 26, 2017 correspondence is attached and marked as Exhibit "A."

- 3 -

continuance and a hearing on Tinsman's motion for sanctions proceeded as scheduled.

> At this hearing, the court questioned [Tinsman]'s counsel as to the recovery amount being sought by [Tinsman], and [Tinsman]'s counsel responded that [its] records indicated approximately $73,837.34 in unpaid commissions and that Pennsylvania's Sales Representative Act authorized double damages, reasonable costs and attorney's fees where the nonpayment was willful. [Tinsman]'s counsel further noted that [Tinsman] was requesting additional attorney's fees in connection with [Tinsman]'s motion to compel discovery, motion for sanctions, and appearance at the hearing then being held, in the amount of $1,470.00, as well as mileage expenses of [Tinsman]'s representative at the hearing, in the amount of $205.00. In addition, [Tinsman]'s counsel secured the admission into evidence of an exhibit relating to her firm's attorney's fees, and requested that [Tri-State Garden]'s counterclaim in the case be dismissed. At the conclusion of the hearing, Judge Ebert asked [Tinsman]'s counsel to prepare a proposed order "that you think covers all of these various topics."

Trial Court Opinion, 8/14/2018, at 3-4 (footnotes omitted).

---

12. [Tri-State Garden]'s counsel served said Motion via facsimile at 6:30 p.m. on July 26, 2017, and informed counsel that he would be on vacation starting July 27, 2017.

13. [Tri-State Garden]'s counsel did not seek undersigned counsel's concurrence prior to filing said Motion.

Response in Opposition to Defendant's Motion for Continuance, 8/2/2017, at ¶¶ 11-13.

Thereafter, the court entered an order,[2] which: (1) granted Tinsman's motion for sanctions with entry of default judgment; (2) awarded judgment in favor of Tinsman and against Tri-State Garden in the amount of $183,753.78;[3] (3) entered judgment in favor of Tinsman and against Tri-State Garden on Tri-State Garden's counterclaim; and (4) ordered Tri-State Garden to pay Tinsman the amount of $230.05, representing cost of mileage for Tinsman's representative to appear at the hearing pursuant to Pa.R.C.P. 4019(g)(1). **See** Order of Court, 8/3/2017, at unnumbered 1-2.

On August 11, 2017, Tri-State Garden filed a motion for reconsideration and vacation of the court's August 3, 2017, order. Tinsman filed a response in opposition to Tri-State Garden's motion on August 15, 2017. The trial court did not rule upon Tri-State Garden's motion within 30 days of the entry of the order. Subsequently, on September 29, 2017, the court entered an order and corresponding opinion, denying Tri-State Garden's motion for reconsideration/vacation.[4] Tri-State Garden then filed a notice of appeal with

_____

[2] We note the order was dated August 2, 2017, but docketed the following day. We will use the later date in our analysis.

[3] **See** Order of Court, 8/3/2017 (breaking down award of unpaid commissions, prejudgment interest, exemplary damages, and attorney's fees).

[4] The order was dated one day earlier. In its opinion, the court analyzed the five factors, set forth in **Rohm and Hass Co. v. Lin**, 992 A.2d 132, 142 (Pa. Super, 2010), that must be considered when a discovery sanction is imposed and concluded:

this Court on October 30, 2017, which was docketed at No. 1686 MDA 2017.[5]

On February 2, 2018, Tinsman filed a motion to quash Tri-State Garden's appeal as untimely,

---

> In this case, the entry of a default judgment in favor of [Tinsman] on all counts was clearly appropriate. The threat of sanctions contained in this court's Order compelling discovery was insufficient to motivate [Tri-State Garden] to take any responsive action in this case. This court's determination that sanctions were appropriate, and this court's Order scheduling a hearing to determine what those sanctions would be, were insufficient to motivate [Tri-State Garden] to take any responsive action. Instead, [Tri-State Garden] simply asked for a continuance of that sanctions hearing at the last minute due to a preplanned vacation despite having notice of the sanctions hearing for months. Only the entry of a default judgment finally, and belatedly, impressed upon [Tri-State Garden] the understanding that this court's Orders are not suggestions and that hearing dates are not optional.

Opinion and Order of Court, 9/29/2017, at 8-9.

[5] Tri-State Garden's concise statement was summarized by the trial court as follows:

> In the appeal, in a statement of errors complained of on appeal, [Tri-State Garden] argued, *inter alia*, that [Tinsman]'s counsel had been aware that [Tri-State Garden] would be requesting a continuance of the August 2, 2017, hearing, that the court erred in "simply taking allegations proffered by [Tinsman]'s counsel as to the amounts of alleged commissions and the right of [Tinsman] to be awarded the aggregate amount without providing proof thereof after a trial of the issues of the case," that "the calculation of damages formulated by [Tinsman]'s counsel was never pled nor produced or claimed until apparently for the first time on August 2, 2017," and that, "[a]dditionally, the award of Attorney's fees without the ability of [Tri-State Garden] to contest the

conceding that [Tri-State Garden]'s appeal from the order entered on September 29, 2017, was timely, [but] contend[ing] that this order was a nullity in a jurisdictional sense and that the 30-day appeal period from the properly appealable judgment entered on August 3, 2017, had expired without being tolled and without an appeal having been taken.

Trial Court Opinion, at 8/14/2018, at 6 (footnotes omitted). A panel of this court granted Tinsman's motion on March 26, 2018, and quashed Tri-State Garden's appeal on May 8, 2018.[6]

While its appeal was pending, Tri-State Garden filed a petition to open default judgment on April 6, 2018. Tri-State Garden assailed the sanctions imposed by the court and alleged the following, in pertinent part:

19. Alternatively, [Tri-State Garden] herein asserts that counsel for [Tinsman] effected a fraud upon [Tri-State Garden], as a party, and a fraud upon the Court by counsel's actions on August 2, 2017 during the hearing of August 2 and whatever *ex parte* action was undertaken by [Tinsman]'s counsel following the adjournment of the hearing on August 2, 2017 at 9:25 a.m., which necessarily included the presentation to the Court of the Proposed Order which the Court thereupon signed.

---

reasonableness of the same was also entered in error by this Honorable Court." [Tri-State Garden] further contended on its appeal that "[t]he Trial Court erred in simply accepting the damages in the aggregate, and in the specifics presented by [Tinsman]'s Counsel without requiring [Tinsman] to prove damages at trial."

Trial Court Opinion, at 8/14/2018, at 5 (footnotes omitted).

[6] The record does not reflect that Tri-State Garden filed a petition for allowance of appeal in the Pennsylvania Supreme Court. *See* Trial Court Opinion, at 8/14/2018, at 6.

20. Counsel for [Tinsman] effected a fraud on the Court, as well as a fraud on [Tri-State Garden] as follows:

a. In representing to the Court at the hearing on August 2, 2017 that damages in the amount of $73,837.34 were due and payable to [Tinsman] by [Tri-State Garden], when during the course of litigation no such information, calculation or demand had been made for a specific amount of damages (Commissions Due); and

b. In representing to the Court that the awarded damages for the alleged unpaid commissions and doubling of the commissions as punitive damages under the Pennsylvania Sales Representative Act[7] were improper when counsel knew, or should have known, that Respondent had alleged only general damages in excess of $50,000.00 and not specific damages, and as required by relevant and pertinent case law as set forth in the Superior Court cases [**Mother's Restaurant, Inc. v. Krystlekiewicz**, 861 A.2d 327 (Pa. Super. 2004) and **King v. Fayette Aviation**, 323 A.2d 286 (Pa. Super. 1974)].

c. Presenting or transmitting to the Honorable Judge a "Proposed Order" without service of said Proposed Order on counsel for [Tri-State Garden] as required by Pa.R.C.P. No. 440(a)(1) so as to permit [Tri-State Garden]'s counsel to forward an objection to the Court of the content of said proposed Order; and

d. Counsel for [Tinsman] violated Rules of Professional Conduct, Rule 3.3. Candor Toward the Tribunal, Subsection (d) which is as follows: "(d) In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse"; specifically by failing to inform [the trial court] of the principles of law set forth in the **Krystlekiewicz** and **King**

_____

[7] 43 P.S. §§ 1471-1478 (Commissioned Sales Representatives).

cases, ***supra***, which holdings required that a trial be held on the issue of damages.

Petition to Open Default Judgment, 4/6/2018, at ¶¶ 19-20.[8]  A rule was issued upon Tinsman to show cause why the relief requested should not be granted, and Tinsman filed a response[9] in opposition to Tri-State Garden's petition on May 16, 2018.

The court conducted a hearing on Tri-State Garden's petition to open on June 5, 2018.  The court noted:  "Unfortunately, [Tri-State Garden] has failed to pay for the notes of testimony from this proceeding to be transcribed; however, neither the evidence nor the argument at the proceeding led the court to conclude that [Tinsman]'s counsel committed a fraud upon [the trial

---

[8]  During this time, the presiding judge retired and a new judge was reassigned the matter.

[9]  As noted by the trial court:

> The response included an attachment in the form of an August 2, 2017, letter from [Tinsman]'s counsel to [Tri-State Garden]'s counsel, enclosing "a copy of [her] correspondence of August 2, 2017 to [the trial court] regarding the above-captioned matter, together with a Proposed Order and supporting documents, which was requested of [her] at the [August 2] hearing."  The response also sought attorney's fees on behalf of [Tinsman], stating that "[t]he Petition to Open Default Judgment is a transparent attempt to circumvent the appellate court's decision to quash [Tri-State Garden]'s untimely appeal, and [Tinsman] has spent considerable time and resources defending against [Tri-State Garden's] attempts to avoid responsibility for judgment entered against it.

Trial Court Opinion, 8/14/2018, at 7-8 (footnotes omitted).

court] or [Tri-State Garden]." Trial Court Opinion, 8/14/2018, at 8. The next day, the court entered an order denying Tri-State Garden's petition to open default judgment.[10] Order of Court, 6/6/2018. This appeal followed.[11]

In its sole issue on appeal, Tri-State Garden contends the court abused its discretion and/or erred as a matter of law by denying its petition to open default judgment. **See** Tri-State Garden's Brief at xvi. Specifically, Tri-State Garden states the court erred in granting default judgment in favor of Tinsman in the amount of $183,983.83 as a penalty for a discovery violation without the court holding a separate hearing on the issue of damages. **Id.** at 1. Tri-State Garden argues the court "erred in simply accepting the damages in the aggregate, and in the specifics presented by [Tinsman]'s Counsel without requiring [Tinsman] to prove said damages" at a hearing. **Id.** at 7. Tri-State Garden alleges:

> The Petition to Open Default Judgment sets forth the averments in Paragraphs 19 and 20 that Counsel for the Appellee effected a fraud upon the Petitioner as a party and a fraud upon the [trial court] by counsel's actions on August 2, 2017 in representing to the [c]ourt that the [c]ourt should award damages to [Tinsman] in a sum calculated by [Tinsman] to be $73,837.34

---

[10] The court also denied Tinsman's request for attorney's fees.

[11] On July 3, 2018, the trial court ordered Tri-State Garden to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Tri-State Garden filed a concise statement on July 13, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 14, 2018.

and doubled as allegedly authorized by the Pennsylvania Sales Representative Act.

*Id.* at 11 (reproduced record citations omitted).[12] Moreover, Tri-State Garden claims Pennsylvania Rule of Professional Conduct 3.3 (candor toward the tribunal) was violated when Tinsman's counsel: (1) "failed to inform [the trial court] that her client's Amended Complaint had failed to aver damages in a 'sum certain' and/or that the proposed Order could seek damages in a 'sum certain;'"[13] and (2) "refused to call to the [trial court's] attention on August 2, 2017 the content of the letter she had received on July 26, 2017" from Tri-State Garden's counsel regarding its motion for a continuance.[14]

Before we may dispose of the substantive merits of Tri-State Garden's appeal, we must address the procedural posture of this case. As noted above, Tri-State previously filed an untimely appeal from the September 29, 2017, order, denying its motion for reconsideration/vacation with respect to the August 3, 2017, order and default judgment. That appeal was subsequently quashed. Tri-State Garden is now appealing from the June 6, 2018, order denying its petition to open the same default judgment. The underlying judgment, entered on August 3, 2017, granted Tinsman's motion for

_____

[12] Tri-State Garden states it was not provided a copy of the proposed order, requested by the court for Tinsman's counsel to draft, prior to the court signing the document. *See* Tri-State Garden's Brief at 11.

[13] *Id.* at 14.

[14] *Id.*

sanctions, which was filed because Tri-State Garden failed to comply with the court's April 19, 2017, order compelling discovery responses on Tri-State Garden's part. Accordingly, this was a judgment entered as a discovery sanction.

Pennsylvania Rule of Civil Procedure 4019 governs sanctions and provides, in relevant part:

**(a) (1)** The court may, on motion, make an appropriate order if

> **(i)** a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;
>
> …
>
> **(vii)** a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;
>
> **(viii)** a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.
>
> …

**(c)** The court, when acting under subdivision (a) of this rule, may make

> …
>
> **(2)** an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;
>
> **(3)** an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or

entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

…

**(g)**

**(1)** Except as otherwise provided in these rules, if following the refusal, objection or failure of a party or person to comply with any provision of this chapter, the court, after opportunity for hearing, enters an order compelling compliance and the order is not obeyed, the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motions or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order of compliance and the order for sanctions, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Pa. R.C.P. 4019.

With respect to default judgments entered on the basis of discovery sanctions, the trial court properly noted, "it is well settled that a petition to open judgment is not a permissible vehicle to challenge an appealable monetary judgment entered as a discovery sanction." Trial Court Opinion, 8/14/2018, at 8, *citing* **Livolsi v. Crosby**, 495 A.2d 1384 (Pa. Super. 1985).

In **Livolsi**, which is similar to the present matter, the plaintiffs filed a writ of summons in trespass and *assumpsit* against the defendant. Subsequently, they filed a motion to produce documents on the defendant, which she failed to comply with and did not object to the motion. The plaintiffs then filed a motion for sanctions, to which, once again, the defendant did not

respond. The trial court entered an order pursuant to Rule 4019(c), directing the defendant to produce documents. The defendant again did not comply. The court then conducted a hearing on the motion, to which the defendant did not appear for the proceeding. The court entered a final judgment against the defendant. The defendant did not file a direct appeal but did file a petition to open and/or strike the judgment. The court denied the petition to open and/or strike the judgment. On appeal, a panel of this Court quashed the matter, concluding:

> This Court has recently ruled that a judgment which is entered by the trial court pursuant to Pa.R.C.P. 4019(c)(3) as a sanction is not properly challenged by means of a petition to open. *Miller Oral Surgery, Inc. v. Donald D. Dinello, D.M.D.*, 342 Pa.Super. 577, 581, 493 A.2d 741, 743 (1985). There, the Superior Court found that:
>
>> "a sanction order entering judgment pursuant to Pa.R.C.P. 4019(c)(3) is not subject to a petition to open. There is no authority in the rules for such a petition, and orderly practice suggests that there should be none."
>
> In that case, the appeal was found to be interlocutory since the judgment entered was for liability, damages to be determined at a later date.
>
> In the instant case, the trial court entered judgment in a dollar amount so that the judgment was final. Consequently, the appeal time began to run from the date of the entry of the judgment and, since no appeal was taken within 30 days from that date, the instant appeal is not properly before us.
>
> As was said in *Miller Oral Surgery, Inc.*
>
>> "a sanction order entering judgment pursuant to Pa.R.C.P. 4019(c)(3) is not subject to a petition to open. There is no authority in the rules for such a petition, and orderly practice suggests that there should be none." In this respect, default

- 14 -

> judgment entered pursuant to Pa.R.C.P. 4019(c)(3) is comparable to a judgment entered after hearing. A party may request the court to reconsider a sanction order entering a judgment, of course, but neither reconsideration nor refusal to reconsider will transform an interlocutory order into one that is final and appealable."

> Here, the order entered was not interlocutory since it encompasses both liability and damages. However, the reasoning remains the same, where, as here, the action was taken pursuant to Pa.R.C.P. 4019(c) the order is not subject to attack by a petition to open and/or strike a judgment.

> Where, as here, a trial court has entered a sanction order for both liability and damages, the judgment then being final, the appropriate method for review would be an appeal within the time prescribed by Pa.R.App.P. 903. The attempt to raise an appealable issue by filing a petition to open the judgment will not be allowed.

*Livolsi*, 495 A.2d at 1385.[15]

Turning to the present matter, in accordance with *Livolsi*, Tri-State Garden previously complied with precedence by filing an appeal; however, that appeal was deemed untimely by this Court and was quashed. Tri-State Garden now attempts to circumvent that decision by filing a petition to open the judgment. Such an attempt, to raise an appealable issue by filing a

---

[15] *See also Simpson v. Allstate Ins. Co.*, 504 A.2d 335 (Pa. Super. 1986) (*en banc*); *Edney v. Se. Pa. Transp. Auth.*, 514 A.2d 194 (Pa. Super. 1986).

petition to open judgment based on discovery sanctions, is prohibited.[16]  **See**

**id.**  Accordingly, we are compelled to quash this appeal.[17]

In a related matter, in its appellee's brief, Tinsman requested that this

Court award it reasonable costs, attorney's fees, and delay damages pursuant

to Pa.R.A.P. 2744.[18]  **See** Tinsman's Brief at 12-14.  Based on the unique

_____

[16]  **See** Trial Court Opinion, 8/14/2018, at 9-10 ("In the present case, upon consideration of the history recited above and the evidence and argument presented at the hearing on June 5, 2018, the court was not persuaded that the advocacy of [Tinsman's] counsel on behalf of her client in any way constituted a fraud upon either [the trial court] or [Tri-State Garden]. The court was, on the contrary, constrained to conclude, as contended by [Tinsman], that [Tri-State Garden]'s petition to open represented an impermissible 'attempt to circumvent the appellate court's decision to quash [Tri-State Garden]'s untimely appeal.'  In this context, [Tri-State Garden]'s petition was incompatible with the proscription against utilizing a petition to open to challenge an appealable monetary judgment entered as a discovery sanction, the doctrine of *res judicata*, and the doctrine of the law of the case.").

[17]  Based on our disposition, we need not address the merits of Tri-State Garden's argument further.

[18]  Rule 2744 states:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> **(1)** a reasonable counsel fee and
>
> **(2)** damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court

procedural nuance of this appeal, it is not apparent to us that Tri-State Garden's "appeal is frivolous or taken solely for delay" or that its conduct is "dilatory, obdurate or vexatious." Pa.R.A.P. 2744. Accordingly, we deny Tinsman's request for reasonable costs, attorney's fees, and delay damages.

Appeal quashed. Tinsman's request for reasonable costs, attorney's fees, and delay damages denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/24/2019

---

may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.